IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| LINDA V. ANZELLOTTI and RALPH L. ANZELLOTTI, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 240192G |
| v. | ) ) | |
| DESCHUTES COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs appealed Defendant's clerical error correction of the 2019–20 to 2023–24 tax rolls for the subject property (subject), identified as Account 252097. Defendant filed a Motion for Summary Judgment, to which Plaintiffs did not respond.

## I. STATEMENT OF FACTS

In 2018, Plaintiffs bought the subject, which is located near Sunriver. (Compl at 4–5.) Early in 2024, Defendant informed Plaintiffs it intended to correct a clerical error on the subject's account that would result in additional taxes totaling $760.62 for the years 2019–20 to 2023–24. (Compl at 5.) Defendant described the error thus:

> "The correction to the account is being made because the property was placed in the wrong tax code. Your property is located in the Four Rivers Vector Control District and our records indicate your property was assessed in the tax code without the Four Rivers Vector Control District. We have corrected the tax code to include the Four Rivers Vector Control District for tax year(s) 2018/19 forward."

(*Id*.) In this context, "vector control" refers to spraying for mosquitos.

Tax codes are numbers identifying the taxing districts overlaying a particular property in a given year. (Def's Mot Summ J, Ex C at 1.) Before Defendant's clerical error correction, the subject was assigned tax code 1098. (*See id*.) For 2023–24, tax code 1098 included taxing

districts for county services, library, law enforcement, 4H, 9-1-1 service, fire protection, school district, Central Oregon Community College, and the High Desert Education Service District. (*Id*., Ex C at 2.) After the correction, the subject was assigned tax code 1068, which included all the same taxing districts plus the Four Rivers Vector Control District. (*Id*., Ex C at 3.)

Defendant's records include county commissioners' orders creating and expanding the Four Rivers Vector Control District, together with legal descriptions and maps showing the subject within the boundaries. (Def's Mot Summ J, Ex B.)

With their Complaint, Plaintiffs include a map of the Four Rivers Vector Control District with an arrow labeled "50 ft" pointing to a spot just inside the eastern boundary of the district. (Compl at 3.) Plaintiffs' map is accompanied by the following statement:

> "As shown in the right corner, our house is 50 feet from Four Rivers Vector boundary map. The full-time residents, on this side of the boundary line #4, had no idea mosquitos were even being sprayed due to the volume of mosquitos we get each year which last about one month for the whole year anyway.
>
> "Our house is one (1) mile (as a crow flies) from the nearest river. The lakes in our community are cared for by the HOA. Our location of their boundary line on this map, does not get any impact for the services this company offers. Then [Defendant] wants to go back 5 years on a mistake they made on a service we do not even receive benefit from. Please accept my appeal for this tax."

(*Id*.)

Plaintiffs ask the court to reverse Defendant's addition of tax attributable to the vector control district. Defendant asks the court uphold its correction and dismiss Plaintiffs' Complaint.

## II. ANALYSIS

At issue is whether Defendant properly added tax to the subject account under ORS 311.205 for the years at issue.[1] In their Complaint, Plaintiffs challenge whether Defendant

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

can add tax to prior years' tax rolls because of its mistake. Plaintiffs' Complaint also raises the question of whether a tax can be imposed on them for a service from which they do not benefit.[2]

A.  *Clerical Error Correction under ORS 311.205*

County assessors are generally forbidden from changing the tax rolls after September 25 of each tax year. ORS 308.242(1). There are exceptions in ORS 308.242 for value reductions requested by or agreed to by taxpayers, and ORS 308.242(1) allows for exceptions "otherwise provided by law."

One exception provided by law requires the correction of "a clerical error" that would have been corrected as a matter of course before the roll was certified, but was not discovered until later. *See* ORS 311.205(1)(a). Clerical errors stem from errors in the assessor's records (or else are discrepancies from those records) and can be corrected with information found therein. ORS 311.205(1)(a)(i); *see also* OAR 150-311-0140.[3] They do not involve valuation judgment. OAR 150-311-0150. As with other types of error correction allowed by ORS 311.205, clerical errors can be corrected "for any year or years not exceeding five years prior to the last certified roll." ORS 311.205(2)(a).

In the present case, Defendant's records show that the subject was within the boundaries of the Four Rivers Vector Control District, which shows that the assignment of a tax code not associated with that district was an error. The error had nothing to do with valuation judgment. Because it was correctable from the records, it was a clerical error under ORS 311.205(1)(a). As

---

[2] At the case management conference, Plaintiffs questioned whether the subject had been properly included within the Four Rivers Vector Control District boundaries. Plaintiffs' Complaint had previously admitted that the subject was within the district boundaries. Plaintiffs introduced no evidence to the contrary, and they did not avail themselves of their opportunity to respond to Defendant's motion and its accompanying exhibits. There is no genuine issue as to the subject's inclusion within the district boundaries.

[3] Oregon Administrative Rules (OAR)

such, it was correctable for up to five years prior to the last certified roll. *See* ORS 311.205(2)(a). All of the tax years at issue here fall within that five-year period, and Defendant did not err in correcting them.

B.      *Claim Against Taxation without Benefit*

Plaintiffs assert that the subject "does not get any impact for the services [the Four Rivers Vector Control District] offers." They cite no legal authority, but their comments suggest a principle that they ought not to be taxed for a service from which they do not benefit.

That principle does not describe the nature of a taxes, which are imposed "to raise money for *public*, as distinguished from *private purposes*, or to accomplish some end or object *public in its nature*." John F. Dillon, 2 *Commentaries on the Law of Municipal Corporations* 727–28 (3d ed 1881), quoted in *Black's Law Dictionary* (12th ed 2024), *s.v.* "tax" (emphasis original). Because taxes are for public, rather than private purposes, there is no inconsistency in a tax being imposed for a service from which a given taxpayer derives no particular benefit.

Plaintiffs have not shown they are entitled to relief on this ground from the court.

### III.  CONCLUSION

Defendant acted lawfully in correcting clerical errors in the rolls for the then-current tax year and the four preceding tax years, and Plaintiffs have identified no authority for reversing Defendant's action. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment be and hereby is granted. Plaintiffs' Complaint is dismissed.

/ / /

/ / /

/ / /

Dated this _____ day of September, 2024.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate, Poul F. Lundgren and entered on September 9, 2024.*